UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HORNSBY,

    Petitioner,                     Civil Action No.2:06-CV-11612
v.                                          HONORABLE PAUL D. BORMAN
                                                 UNITED STATES DISTRICT COURT

RAYMOND BOOKER,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

James Hornsby, ("Petitioner"), presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed an independent action for relief from judgment under Fed. R. Civ. P. 60(b)(4). In his application, filed *pro se*, Petitioner challenges his conviction for one count of armed robbery, M.C.L.A. 750.529; and one count of felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the motion for relief from judgment is dismissed without prejudice.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court. It is unclear whether petitioner appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court.

Petitioner has now filed a motion for relief from judgment pursuant to Fed. R.Civ. P. 60(b)(4), in which he claims that the Genesee County Circuit Court lacked jurisdiction over his criminal case, due to an alleged defect in the criminal complaint filed in the 67th District Court.

1

dockets.Justia.com

## II. Discussion

Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a habeas petitioner to attempt to have his criminal conviction set aside. *See United States v. Pope,* 124 Fed. Appx. 680, 682 (2nd Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F. 3d 74, 80 (2nd Cir. 2004)). In this case, a Rule 60(b) motion is not appropriate, because petitioner is not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a petition for writ of habeas corpus. *Id.* A review of petitioner's motion for relief from judgment shows that he is challenging the validity of his state court criminal convictions and that he seeks to have these convictions vacated or set aside. Petitioner's sole federal remedy to challenge his state court convictions would be by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

When a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Casperson,* 6 Fed. Appx. 481, 483-84 (7th Cir. 2001). Thus, rather than re-characterizing petitioner's motion as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall dismiss his claims without prejudice to avoid

any adverse consequences with respect to any § 2254 claim or claims that petitioner may wish to file in the future. *See Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner); *See also Warren v. Miller,* 2005 WL 3007107, * 3 (W.D. Mich. November 9, 2005)(dismissing petition for writ of habeas corpus brought by state prisoner under section 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254).

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the "Motion for Relief From Judgment is DISMISSED WITHOUT PREJUDICE.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 11, 2006.

s/Jonie Parker  
Case Manager